By the Court, Nelson, Ch. J.
It is well settled that an agent entering into a submission to arbitration in his own name, is personally bound to perform the award. (Watson On Arb. 50, 1.) Where a parson on the one hand, and some of his parishioners on the other, in behalf of themselves and the rest of the inhabitants of the parish, but without their authority, submitted a dispute to arbitration by bond, it was adjudged that the parishioners submitting were answerable for a breach of the award by any of the others. (Id.) It has also been decided that one may submit in behalf of an infant, and thus make himself liable to perform the award. (Id. 42.) Hence, though the submission in this case was not binding upon the infants, nor upon the adult heir who was not a party to it, yet it was valid and obligatory upon all who were parties thereto.
If the award had been made in favor of the defendant below, he could have enforced performance against the plaintiffs, as effectually as if all parties in interest had united in. the bond. (Strangford v. Green, 2 Mod. 228; Comyn’s Dig., tit. Arbitrament, (D. 2.); Bac. Abr., tit. Arbitrament and Award,(C).)
As to the offer to prove that the demands in controversy belonged to the estate of I. Tan Nostrand deceased, and that the plaintiffs had not taken out letters of administration, it is a suffi *421 dent answer that their interest in and title to the claims submitted were questions before the arbitrators, which were passed upon by them, and, cannot be here re-judged.
Judgment affirmed,